IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIRASOL J. REYES,

    Plaintiff,

v.

CHECKSMART FINANCIAL, LLC, et al.,

    Defendants.

No. C 13-05181 JSW

**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND CONTINUING CASE MANAGEMENT CONFERENCE**

The Court has Defendants' motion to dismiss under submission. Upon further review of the motion, the Court has determined that additional briefing is warranted. Defendants move to dismiss Plaintiff's claim for violations of California Deferred Deposit Transaction Law ("CDDTL") on the basis that she lacks Article III standing. In order to satisfy the Constitution's standing requirements, Plaintiff must show: (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the Defendants; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

In addition to these requirements, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 (1982); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975).[1] One of those prudential principles is that a

---

[1] Defendants do reference the prudential limitations on standing in their motion. However, they do not address the "zone of interests" requirement.

"plaintiff's complaint fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" *Valley Forge*, 454 U.S. at 475 (quoting *Association of Data Processing Service Orgs. v. Camp*, 397 U.S. 150, 153 (1970)).

Plaintiff seeks a remedy for conduct that is regulated by statute. That statute does create a private right of action, which uses the broad language "any person." However, the statute also contains the term "the aggrieved consumer," when it references damages. Cal. Fin. Code § 23064. Plaintiff has not alleged facts that she obtained a payday loan from Defendants. Accordingly, the Court HEREBY ORDERS further briefing on the issue of whether Plaintiff's claim under the CDDTL falls within the zone of interests the CDDTL was designed to protect.

Because Plaintiff bears the burden to establish standing to bring this claim, Plaintiff shall file her opening brief on this issue by no later than February 7, 2014, and it shall not exceed five pages. Defendants may file a response to Plaintiff's brief by no later than February 14, 2014, which also shall not exceed five pages. Plaintiff may file a reply not to exceed three pages by February 21, 2014. The matter shall then be submitted, and the Court will issue its ruling.

The Court CONTINUES the case management conference scheduled for February 14, 2014, to March 28, 2014 at 1:30 p.m. The parties' joint case management conference statement shall be due on March 21, 2014.

**IT IS SO ORDERED.**

Dated: January 24, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2