**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRASOL J. REYES,<br><br>            Plaintiff,<br><br>   v.<br><br>CHECKSMART FINANCIAL, LLC, et al.,<br><br>            Defendants.<br>_____/ | No. C 13-05181 JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING IN PART MOTION TO DISMISS**<br><br>**(Docket No. 8)** |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss, filed by Defendants Checksmart Financial, LLC ("Checksmart"), California Check Cashing Stores, LLC ("CCCS"), Buckeye Check Cashing of California, LLC ("Buckeye"), Cash 1, and Community Choice Financial, Inc. ("Community") (collectively "Defendants," unless otherwise noted). The Court has considered the parties' papers, including the supplemental briefs ordered by the Court, relevant legal authority, the record in this case, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART, Defendants' motion to dismiss.

## BACKGROUND

Plaintiff, Marisol J. Reyes ("Ms. Reyes") was employed as a teller/supervisor selling "payday loans" from about 1989 through June 6, 2012 at a store located on Alvin Avenue, in San Jose, California (the "Alvin Store"). (Notice of Removal, Ex. A (Complaint, ¶ 1).) Ms. Reyes alleges that, at some unspecified time, Checksmart became her employer. (*Id.* ¶ 15.)

According to Ms. Reyes, each of the Defendants engages in conduct that violates California's Deferred Deposit Transaction Law ("CDDTL"), California Financial Code sections 23000, *et seq.* (*See generally id.* ¶¶ 15-17, 23-29.)

Ms. Reyes also alleges that Checksmart failed to provide her with proper rest and meal breaks, in violation of California Labor Code sections 200, *et seq.* and Industrial Welfare Commission Wage Order No. 4-2001. (*Id.* ¶¶ 15, 19-22.)

> On June 6, 2012, after learning the extent of Defendants' illegal activities, and refusing to continue to engage in such illegal activities, and being unable to remedy the situation without subjecting herself to great stress and anticipated harassment, [Ms. Reyes] resigned her employment effective immediately, and has suffered lost wages and employment benefits since the termination of her employment.

(*Id.* ¶ 40; *see also id.* ¶¶ 29, 70-72.)

Based on these and other allegations, which the Court shall address as necessary, Ms. Reyes brings claims for, *inter alia*, violations of the CDDTL and for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*

**ANALYSIS**

**A.  Applicable Legal Standards.**

Defendants move to dismiss the CDDTL claim for lack of Article III standing, pursuant to Federal Rule of Civil Procedure 12(b)(1), and they move to dismiss the UCL claim for lack of statutory standing and for failure to state a claim.

On January 24, 2014, the Court raised the issue of "prudential" standing and ordered the parties to brief the question of whether Ms. Reyes' CDDTL claim fell within the "zone of interests" the CDDTL was designed to protect. (Docket No. 20.) The United States Supreme Court recently clarified that the "zone of interests" inquiry is a matter of statutory, rather than prudential standing. It also stated that statutory standing does not implicate subject matter jurisdiction. *See Lexmark International, Inc. v. Static Control Components, Inc.*, – U.S. –, 134 S.Ct. 1377, 2014 U.S. LEXIS 2214, at *16-*22, & *22 n.5, *29 n.6 (U.S. Sup. Court Mar. 25,

2014) ("*Lexmark*"); *cf. Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (A motion to dismiss for "lack of statutory standing requires dismissal for failure to state a claim[.]").

Because the parties have fully briefed the "zone of interests" question, the Court evaluates whether Ms. Reyes has statutory standing to pursue the CDDTL claim.[1] On a motion to dismiss for lack of statutory standing or failure to state a claim, the Court construes the allegations in the complaint in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. *Maya,* 658 F.3d at 1067; *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Dismisses the CDDTL Claim, With Leave to Amend.**

In order to determine whether Ms. Reyes has standing to pursue her CDDTL claim, the Court begins with the plain language of the CDDTL. *See Lexmark*, 2014 U.S. LEXIS 2214, at *20. The CDDTL provides, in part, that "[a]ny person who is injured by any violation of this division may bring an action for the recovery of damages, an equity proceeding to restrain and enjoin those violations, or both." Cal. Fin. Code § 23064. Ms. Reyes argues that this language should be broadly construed to cover her alleged injuries. In *Lexmark*, the Supreme Court analyzed the issue of statutory standing under the Lanham Act, which permits suit by "'any person who believes that he or she is likely to be damaged' by a defendant's false advertising." *Lexmark*, 2014 U.S. LEXIS 2214, at *20 (quoting 15 U.S.C. § 1125(a)(1)). The Supreme Court noted that, "[r]ead literally, that broad language might suggest that an action is available to

---

[1] This appears to be a matter of first impression. The parties have not cited to any authority, state or federal, and this Court has not found any cases that address the issue of statutory standing under the CDDTL.

3

anyone who can satisfy the minimum requirements of Article III." *Id.* However, the Supreme Court construed the statute more narrowly in light of "two relevant background principles ...: zone of interests and proximate causality." *Id.*, 2014 U.S. LEXIS 2214, at *20-*21.

As to the first principle, a court presumes "that a statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *Lexmark.*, 2014 U.S. Dist. LEXIS, at *21 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). "[T]he breadth of the zone of interests varies according to the provisions" of the law at issue. *Id.* As to the second principle, a court presumes "that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute." *Id.*, 2014 U.S. LEXIS 2214, at *26. This analysis "is controlled by the nature of the statutory cause of action. The question it presents is whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Id.*, 2014 U.S. LEXIS 2214, at *27; *see also id.* ("the proximate-cause requirement generally bars suit for alleged harm that is 'too remote' from the defendant's unlawful conduct").

The Court evaluates the question of whether Ms. Reyes has statutory standing to bring her CDDTL claim in light of these two principles. The CDDTL does not include a specific provision that sets forth the legislative intent or its purposes. However, the broad language setting forth who can bring suit is qualified by the following language: "the amount awarded may be up to three times the damages actually incurred, but in no event less than the amount paid by the *aggrieved consumer* to a person subject to this section." Cal. Fin. Code § 23064 (emphasis added). In addition, the CDDTL contains a host of provisions that are directed at protecting consumers. *See, e.g., id.* §§ 23035-23037. The legislative history also is replete with references to the fact that the CDDTL was intended to regulate the deferred deposit industry and to protect consumers who engaged in such transactions. *See, e.g., Edgerly v. City and County of San Francisco*, 713 F.3d 976, 983 (9th Cir. 2013) (if statute is capable of more than one reasonable interpretation, courts may discern intent of legislature from aid such as legislative history).

4

By way of example only, the legislative history states that "[t]he bill would impose various duties on a person engaged in the business of making or negotiating deferred deposit transactions, and would specify the *rights of a consumer* in that regard." (Docket No. 24-1, Defendants' Request for Judicial Notice ("RJN"), Ex. 1, Senate Bill 898, 2001-2002 Reg. Sess. (Sept. 22, 2002) at ECF p. 5 (emphasis added).) The Senate Judiciary Committee Report remarks that payday loans have become a trap for consumers and that consumers have been easily deceived by payday loans, which gave rise to the need for the statute. (RJN Ex. 2, Senate Rules Committee, Office of Senate Floor Analysis, Bill Analysis for Senate Bill 898, 2001-2002 Reg. Sess. (Aug. 28, 2001) at ECF pp. 38-39.).[2]

The Court concludes that to fall within the zone of interests in a claim for violations of the CDDTL, a plaintiff must allege an injury as an "aggrieved consumer," *i.e.* that their injury stems from a deferred deposit transaction. Although, Ms. Reyes may allege facts that would be sufficient to show Article III standing, Ms. Reyes has not alleged that she obtained a payday loan from any of the defendants, *i.e.* she does not allege she is an aggrieved consumer. Thus, Ms. Reyes fails to allege facts to show her claim falls within the zone of interests the CDDTL was designed to protect.[3] In addition, Ms. Reyes' alleged harm is loss of employment, which the Court concludes is "too remote" from the allegedly unlawful conduct, *i.e.* the manner in which Defendants made payday loans to consumers.[4]

---

[2] (*See also e.g.,* RJN Ex. 1 at ECF p. 6; *id.*; RJN Ex. 2, at ECF pp. 33, 37-39; RJN Ex. 3, Assembly Bill 971, 2003-2004 Reg. Sess. (Feb. 23, 2004) at ECF p. 13 ("The Legislature finds and declares that the [CDDTL] contains numerous, important consumer protections that must be fully and fairly implemented as rapidly as possible."); RJN Ex. 4, *Report to the Governor and the Legislature*, *California Deferred Deposit Transaction Law*, California Department of Corporations (Dec. 2007) at ECF at p. 105-106.)

[3] The Court's conclusion is also reinforced by the fact that the CDDTL excludes employees from the definition of "licensee." *See* Cal. Fin. Code § 23001(d).

[4] Ms. Reyes also alleges that Defendants violated California Financial Code section 23015(a), which makes it unlawful to take certain actions with the intent to impede, obstruct or influence the administration or enforcement of any provision of the CDDTL. (*See* Compl. ¶ 32.) Assuming *arguendo* that a non-consumer could bring a claim under the CDDTL for a violation of this provision, the Court concludes that Ms. Reyes fails to allege facts demonstrating that her alleged harm was proximately caused by the conduct set forth in Paragraph 32 of the Complaint.

5

1    Accordingly, the Court GRANTS Defendants' motion to dismiss the first claim for
2    relief, because Ms. Reyes fails to allege facts to show she has statutory standing to pursue her
3    CDDTL. This is the first iteration of Ms. Reyes' complaint, and, because the Court cannot say
4    it would be futile, the Court grants Ms. Reyes leave to amend this claim.

**C.    The Court the Dismisses UCL Claim, in Part, With Leave to Amend.**

Defendants also move to dismiss the UCL claim for lack of statutory standing and for failure to state a claim. To the extent Ms. Reyes' UCL claim is premised on alleged violations of the CDDTL, for the reasons set forth above, the Court GRANTS, IN PART, Defendants' motion to dismiss. For the reasons set forth above, the Court also shall grant Ms. Reyes leave to amend.

Ms. Reyes also bases her UCL claim on the alleged rest and meal break violations. (Compl. ¶¶ 46-60, 62-64.) In order to establish standing under the UCL, Ms. Reyes must show she suffered an injury in fact and has lost money or property as a result of the alleged unfair competition. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011); *see also* Cal. Bus. & Prof. Code § 17204. Ms. Reyes alleges that Checksmart failed to pay her for meal and rest breaks, in violation of various provisions of the California Labor Code. The Court concludes that Ms. Reyes alleges facts to show she lost money or property as a result of the alleged unlawful conduct. Ms. Reyes also alleges facts that show she would be entitled to restitution, because she claims the Defendants deprived her of wages she already earned. (Compl. ¶ 50.) These facts are sufficient to state a claim. *See Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 171-175 (2000).

Accordingly, the Court DENIES, in part, Defendants' motion to dismiss on this basis.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Ms. Reyes' first and third claims for relief. If Ms. Reyes can, in good faith, amend her complaint to cure the deficiencies identified by this Order, she may file an amended complaint by no later than May 16, 2014. If Ms. Reyes fails to file an amended complaint by that date, the Defendants who will remain parties to the suit shall file an answer by no later than May 30,

2014. If Ms. Reyes does file an amended complaint, Defendants' answers or other responsive pleadings shall be due within the time required by the Federal Rules of Civil Procedure.

Finally, it is HEREBY ORDERED that the parties shall appear for a case management conference on Friday, June 20, 2014, at 11:00 a.m. in Courtroom 5, Second Floor, 1301 Clay Street, Oakland, California. The parties shall file a joint case management statement by June 13, 2014.

**IT IS SO ORDERED.**

Dated: April 21, 2014 

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7