1  ANTHONY J. DECRISTOFORO (SB #166171)
   ajdecristoforo@stoel.com
2  CARISSA M. BEECHAM (SB #254625)
   cmbeecham@stoel.com
3  STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
4  Sacramento, CA  95814
   Telephone:  (916) 447-0700
5  Facsimile:  (916) 447-4781

6  Attorneys for Defendants
   Checksmart Financial, LLC; California Check
7  Cashing Stores, LLC; Buckeye Check Cashing of
   California, LLC; Cash 1; and Community Choice
8  Financial Inc.

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  MIRASOL J. REYES,                       Case No. 4:13-cv-05181-JSW

13              Plaintiff,                  **DEFENDANT CHECKSMART FINANCIAL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

14       v.

15  CHECKSMART FINANCIAL, LLC; et al.,

16              Defendants.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

DEFENDANT CHECKSMART FINANCIAL,
LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

4:13-CV-05181-JSW

76000631.2 0043773-00016

Defendant Checksmart Financial, LLC ("Checksmart"), by and through its attorneys of record, hereby responds to Plaintiff Marisol Reyes' ("Plaintiff") Complaint by admitting, denying, and alleging as follows. Defendants California Check Cashing Stores, LLC; Buckeye Check Cashing of California, LLC; Cash1; and Community Choice Financial Inc. were dismissed from this case by operation of the Court's Order Granting In Part, and Denying In Part, the Motion to Dismiss (ECF No. 8).

## **FACTS COMMON TO ALL CAUSES OF ACTION**

1.  Answering Paragraph 1, Checksmart admits Plaintiff was employed at a store located at 2417 Alvin Avenue from July 2011 until June 6, 2012. Checksmart lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1, and therefore denies the same.

2.  Answering Paragraph 2, Checksmart admits that it was Plaintiff's employer from June 2011 until Plaintiff quit on June 6, 2012. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 2.

3.  Answering Paragraph 3, Checksmart denies that California Check Cashing Stores, LLC, is a corporation or that it is licensed as a Payday Lender, but admits that CCCS is licensed by the California Department of Business Oversight as a deferred presentment provider and does business in the State of California as such. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 3.

4.  Answering Paragraph 4, Checksmart admits the allegations.

5.  Answering Paragraph 5, Checksmart admits that Buckeye Check Cashing of California, LLC, does business as Cash1 in Santa Clara County. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 5.

6.  Answering Paragraph 6, Checksmart denies the allegations.

7. Answering Paragraph 7, Checksmart admits the allegations that Community Choice Financial Inc., is an indirect parent company of Checksmart and CCCS. Except as expressly admitted, Checksmart denies the remaining allegations in Paragraph 7.

8. Answering Paragraph 8, Checksmart admits that it is the employer of employees working in California Check Cashing Stores and Cash1 stores. Except as expressly admitted, Checksmart denies the remaining allegations in Paragraph 8.

9. Answering Paragraph 9, Checksmart lack sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies the same.

10. Answering Paragraph 10, Checksmart denies the allegations.

11. Answering Paragraph 11, Checksmart admits the allegations.

12. Answering Paragraph 12, Checksmart denies the allegations.

13. Answering Paragraph 13, the paragraph characterizes and recites the law and no response is therefore required.

14. Answering Paragraph 14, the paragraph characterizes and recites the law and no response is therefore required.

15. Answering Paragraph 15, Checksmart denies the allegations.

16. Answering Paragraph 16 and its subparts, Checksmart denies the allegations to the extent Plaintiff characterizes any allegation as a violation of law.

17. Answering Paragraph 17, Checksmart admits that Plaintiff's duties included preparing PRA Fee Comparisons and New Payday Loan Customer reports on a daily basis, and that these and all of Plaintiff's other duties were to be performed on the clock. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 17.

18. Answering Paragraph 18, Checksmart admits that Stack Percentage is a store performance metric. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 18.

19. Answering Paragraph 19, Checksmart admits that Plaintiff's duties included training and overseeing customer service representatives, acting as a customer service

1  representative when necessary, and completing daily reports. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 19.

20. Answering Paragraph 20, Checksmart admits that Plaintiff was a non-exempt employee. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 20.

21. Answering Paragraph 21, Checksmart admits the allegation that Plaintiff was required to clock in and out. Except as expressly admitted, Checksmart denies the remaining allegations of Paragraph 21.

22. Answering Paragraph 22, Checksmart denies the allegations.

23. Answering Paragraph 23, Checksmart denies the allegations.

24. Answering Paragraph 24, Checksmart denies the allegations.

25. Answering Paragraph 25, Checksmart denies the allegations.

26. Answering Paragraph 26, Checksmart denies the allegation that "Defendants' conduct was unlawful, unethical, and against the public policy of the State of California." Checksmart lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and therefore denies the same.

27. Answering Paragraph 27, Checksmart denies that it or any of the dismissed Defendants engaged in, encouraged, or instructed others to engage in illegal activity. Checksmart lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and therefore denies the same.

28. Answering Paragraph 28, Checksmart denies the allegations.

29. Answering Paragraph 29, Checksmart admits that Plaintiff submitted her resignation on June 6, 2012, without warning. Except as expressly admitted, Checksmart denies the remaining allegations in Paragraph 29.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DEFERRED DEPOSIT TRANSACTION LAW

### (Against All Defendants)

30. Answering Paragraph 30, Checksmart repeats and realleges by reference each and every response, denial and admission contained in Paragraphs 1 through 29 above and incorporates the same as though fully set forth herein.

31. Answering Paragraph 31, Plaintiff's first cause of action was dismissed and no response is therefore required.

32. Answering Paragraph 32, Plaintiff's first cause of action was dismissed and no response is therefore required.

33. Answering Paragraph 33, Plaintiff's first cause of action was dismissed and no response is therefore required.

34. Answering Paragraph 34, Plaintiff's first cause of action was dismissed and no response is therefore required.

35. Answering Paragraph 35, Plaintiff's first cause of action was dismissed and no response is therefore required.

36. Answering Paragraph 36, Plaintiff's first cause of action was dismissed and no response is therefore required.

37. Answering Paragraph 37, Plaintiff's first cause of action was dismissed and no response is therefore required.

38. Answering Paragraph 38, Plaintiff's first cause of action was dismissed and no response is therefore required.

39. Answering Paragraph 39, Plaintiff's first cause of action was dismissed and no response is therefore required.

40. Answering Paragraph 40, Plaintiff's first cause of action was dismissed and no response is therefore required.

41. Answering Paragraph 41, Plaintiff's first cause of action was dismissed and no response is therefore required.

1  42. Answering Paragraph 42, Plaintiff's first cause of action was dismissed and no response is therefore required.

3  43. Answering Paragraph 43, Plaintiff's first cause of action was dismissed and no response is therefore required.

5  44. Answering Paragraph 44, Plaintiff's first cause of action was dismissed and no response is therefore required.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODES AND WAGE ORDER

### (Against Defendant Checksmart)

45. Answering Paragraph 45, Checksmart repeats and realleges by reference each and every response, denial and admission contained in Paragraphs 1 through 44 above and incorporates the same as though fully set forth herein.

46. Answering Paragraph 46, Checksmart admits the allegations.

47. Answering Paragraph 47, Checksmart admits the allegations.

48. Answering Paragraph 48, Checksmart denies the allegations.

49. Answering Paragraph 49, Checksmart denies the allegations.

50. Answering Paragraph 50, Checksmart denies the allegations.

51. Answering Paragraph 51, Checksmart denies the allegations.

52. Answering Paragraph 52, Checksmart denies the allegations.

53. Answering Paragraph 53, Checksmart denies the allegations.

54. Answering Paragraph 54, Checksmart denies the allegations.

55. Answering Paragraph 55, Checksmart denies the allegations.

56. Answering Paragraph 56, Checksmart denies the allegations.

57. Answering Paragraph 57, Checksmart denies the allegations.

58. Answering Paragraph 58, Checksmart denies the allegations.

59. Answering Paragraph 59, Checksmart denies the allegations.

# THIRD CAUSE OF ACTION

# VIOLATION OF UNFAIR COMPETITION LAW

### (Against all Defendants)

60. Answering Paragraph 60, Checksmart repeats and realleges by reference each and every response, denial and admission contained in Paragraphs 1 through 59 above and incorporates the same as though fully set forth herein.

61. Answering Paragraph 61, the paragraph characterizes and recites the law and no response is therefore required.

62. Answering Paragraph 62, Checksmart denies the allegations.

63. Answering Paragraph 63, Checksmart denies the allegations.

64. Answering Paragraph 64, Checksmart denies the allegations.

65. Answering Paragraph 65, Plaintiff's third cause of action was dismissed to the extent it is premised on alleged violations of the CDDTL, and therefore, no response is required.

66. Answering Paragraph 66, Plaintiff's third cause of action was dismissed to the extent it is premised on alleged violations of the CDDTL, and therefore, no response is required.

67. Answering Paragraph 67, Checksmart denies the allegations to the extent they are premised on alleged violations of the Labor Code and Wage Order. Plaintiff's third cause of action was dismissed to the extent it is premised on alleged violations of the CDDTL, and therefore, no response is required to Paragraph 67's allegations relating to the CDDTL.

68. Answering Paragraph 68, Checksmart denies the allegations to the extent they are premised on alleged violations of the Labor Code and Wage Order. Plaintiff's third cause of action was dismissed to the extent it is premised on alleged violations of the CDDTL, and therefore, no response is required to Paragraph 68's allegations relating to the CDDTL.

69. Answering Paragraph 69, the paragraph characterizes and recites the law and no response is therefore required.

70. Answering Paragraph 70, Checksmart denies the allegations.

71. Answering Paragraph 71, Checksmart denies the allegations to the extent they are premised on alleged violations of the Labor Code and Wage Order. Plaintiff's third cause of

1  action was dismissed to the extent it is premised on alleged violations of the CDDTL, and
2  therefore, no response is required to Paragraph 71's allegations relating to the CDDTL.

3      72. Answering Paragraph 72, Plaintiff's third cause of action was dismissed to the
4  extent it is premised on alleged violations of the CDDTL, and therefore, no response is required.

## FOURTH CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

**(Against Checksmart)**

8      73. Answering Paragraph 73, Checksmart repeats and realleges by reference each and
9  every response, denial and admission contained in Paragraphs 1 through 72 above and
10 incorporates the same as though fully set forth herein.

11     74. Answering Paragraph 74, Checksmart denies the allegations.

12     75. Answering Paragraph 75, Checksmart denies the allegations.

13     76. Answering Paragraph 76, Checksmart denies the allegations.

14     77. Answering Paragraph 77, the paragraph characterizes and recites the law and no
15 response is therefore required.

16     78. Answering Paragraph 78, the paragraph characterizes and recites the law and no
17 response is therefore required.

18     79. Answering Paragraph 79, Checksmart denies the allegations.

19     80. Answering Paragraph 80, Checksmart denies the allegations.

20     81. Answering Paragraph 81, Checksmart denies the allegations.

21     82. Answering Paragraph 82, Checksmart denies the allegations.

22     83. Answering Paragraph 83, Checksmart denies the allegations.

23     84. Answering Paragraph 84 Checksmart denies the allegations.

24     85. Answering Paragraph 85, Checksmart denies the allegations.

## PRAYER FOR RELIEF

26 Plaintiff's prayer for relief requires no answer. Checksmart denies, however, that Plaintiff
27 is entitled to any damages, lost wages, fees, costs or other relief whatsoever.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

DEFENDANT CHECKSMART FINANCIAL,
LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

-7-

4:13-CV-05181-JSW

76000631.2 0043773-00016

# AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, Checksmart sets forth the following affirmative defenses:

### First Affirmative Defense
### Failure to State a Claim

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### Statute of Limitations

Plaintiff's Complaint is barred, in whole or in part, because of the applicable statute(s) of limitations.

### Third Affirmative Defense
### Reasonableness and Good Faith

Checksmart acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to it at the time it so acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### Fourth Affirmative Defense
### Failure to Mitigate

Plaintiff's Complaint is barred, in whole or in part, because she failed to mitigate her alleged damages. Alternatively, Plaintiff's damages must be reduced by wages, compensation, pay, benefits, or other earnings, remunerations, profits and benefits actually received by Plaintiff or that could have been received had Plaintiff used reasonable diligence to mitigate her damages.

### Fifth Affirmative Defense
### Misrepresentation

Plaintiff's claims are barred, in whole or in part, because in doing the things alleged in the Complaint, Checksmart acted in reliance on misrepresentations by Plaintiff, including but not limited to misrepresentations regarding hours worked.

### Sixth Affirmative Defense
### Provision of Meal and Rest Periods

Plaintiff's claims that she was denied meal and rest periods are barred because Defendant did provide Plaintiff with the opportunity to take meal and rest periods as required under applicable law.

### Seventh Affirmative Defense
### Failure to Exhaust Administrative Remedies

The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff failed to exhaust her administrative remedies before filing suit.

### Eighth Affirmative Defense
### Lack of Specificity

The Third Cause of Action for violation of California Business and Professions Code section 17200 et seq., is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

### Ninth Affirmative Defense
### Setoff, Offset, Recoupment

Checksmart is entitled to setoff, offset, and/or recoupment for amounts paid to Plaintiff.

### Tenth Affirmative Defense
### Attorneys' Fees

The Complaint, and each and every purported claim for relief alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees in any amount. Moreover, as a consequence of Plaintiff's bringing this action, Checksmart has been required to retain attorneys to defend it, and Checksmart is entitled to recover its attorneys' incurred herein.

### Eleventh Affirmative Defense
### No Injunctive Relief

The Complaint fails to allege facts sufficient to justify injunctive or other equitable relief and said relief is barred because Plaintiff has an adequate and complete remedy at law.

### Twelfth Affirmative Defense
### Unclean Hands

Plaintiff's claims are barred by the doctrine of unclean hands.

### Thirteenth Affirmative Defense
### Estoppel

Plaintiff's claims are barred by the doctrine of estoppel.

### Fourteenth Affirmative Defense
### Waiver

Plaintiff relinquished and waived any right to any of the claims upon which Plaintiff now seeks relief.

### Fifteenth Affirmative Defense
### Laches

Plaintiff's claims are barred by the doctrine of laches.

### Sixteenth Affirmative Defense
### Acquiescence – Consent

Plaintiff's claims are barred because Plaintiff acquiesced or consented to the conduct about which she now complains.

### Seventeenth Affirmative Defense
### After-Acquired Evidence

The entitlement to any relief which otherwise may be due to Plaintiff may be limited by the after-acquired evidence doctrine.

Checksmart hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, counterclaims, cross-claims and/or additional defendant complaints as may be appropriate.

Wherefore, having fully answered Plaintiff's Complaint and set out its Affirmative Defenses, Checksmart prays for the following relief:

1. Dismissal of all of Plaintiff's claims, with prejudice;

2. An award to Checksmart of its attorney's fees and costs; and

3. Such other relief as the Court deems just and equitable.

Dated: May 30, 2014

STOEL RIVES LLP

By: /s/ Carissa M. Beecham
Anthony J. DeCristoforo
Carissa M. Beecham
Attorneys for Defendants
Checksmart Financial, LLC; California Check Cashing Stores, LLC; Buckeye Check Cashing of California, LLC; Cash 1; and Community Choice Financial Inc.