IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRASOL J. REYES,<br><br>    Plaintiff,<br><br>  v.<br><br>CHECKSMART FINANCIAL, LLC, et al.,<br><br>    Defendants. | No. C 13-05181 JSW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND VACATING PRETRIAL AND TRIAL DATES** |

The Court has Defendant's motion for summary judgment under submission. Upon further review of the motion, the Court has determined that additional briefing is warranted on Plaintiff's claim for constructive discharge in violation of public policy, to the extent that claim is premised on the allegations that Defendant's business practices violated California's Deferred Deposit Transaction Law ("DDTL"). To prevail on her claim, Ms. Reyes cannot "simply 'quit and sue,' claiming ... she was constructively discharged." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1246 (1994). Rather, she must show that, "under all the circumstances, the working conditions are so unusually adverse that a reasonable employee in plaintiff's position would have felt compelled to resign." *Id.* at 1247 (citations and internal quotations omitted).

In *Turner*, the plaintiff, like Ms. Reyes, premised his constructive discharge claim on allegations that the defendant engaged in unlawful conduct. *Id.* at 1254. The *Turner* court stated that "[t]he mere existence of illegal conduct in a workplace does not, without more, render employment conditions intolerable to a reasonable employee." *Id.* In determining that plaintiff had not established a constructive discharge claim, the court found it significant that the

1   plaintiff "was not requested, let alone required, to participate in any of the illegal conduct,"
2   about which he complained.  *Id.*; *see also id.* at 1258 (noting that plaintiff was not asked to
3   participate in illegal activity).  The court also stated that the type of conduct at issue, "violations
4   of state law regulating the economic and contractual relationships between beverage
5   manufacturers and their customers and competitors) was not so obnoxious or aggravated as to
6   cause a reasonable employee to feel compelled to resign."  *Id.* at 1254-55.  In this case, in
7   contrast to the plaintiff in *Turner*, Plaintiff testified that it was part of her duties to engage in the
8   business practices that she alleges were illegal and to train others to do so.

9   Accordingly, the Court requests supplemental briefing on the following questions:

10  1.      Defendant argues that even if the facts alleged by Plaintiff show that it engaged
11  in illegal conduct, she cannot prevail, because she did not report her concerns and, therefore,
12  cannot establish it knew of the allegedly intolerable conditions.  As stated, Plaintiff's
13  constructive discharge claim is based, in part, on her allegations that Defendant's business
14  practices are illegal.  Assuming that Defendant intentionally created those business practices,
15  and based on the existing evidentiary record, what is the Defendant's best argument these
16  practices do not violate the provisions of the DDTL identified by Plaintiff at page 14 of her
17  opposition brief?

18  2.      Assume the Court finds that Plaintiff has presented evidence that raises an issue
19  of fact about whether Defendant's conduct violated specific provisions of the DDTL, such that
20  her claim is based on more than her subjective belief that the conduct was illegal or unlawful,
21  and that she engaged in those practices while employed with Defendant.  Does either party have
22  any authority that addresses whether those facts would be sufficient to overcome Defendant's
23  motion?  Or, must Ms. Reyes also present facts to show that, before she resigned, she either
24  refused to participate in the activity or reported the activity and, thereafter, Defendant made her
25  working conditions intolerable?  *See, e.g., Turner*, 7 Cal. 4th at 1256 ("Tort claims for wrongful
26  discharge typically arise when an employer retaliates against an employee for (1) refusing to
27  violate a statute . . . [or] (4) reporting an alleged violation of a statute of public importance")
28  (citations and internal quotations omitted).

Because Defendant is the moving party, it shall file its opening brief by no later than February 6, 2015, and it shall not exceed seven pages. Plaintiff may file a response by no later than February 13, 2015, which also shall not exceed seven pages.[1] Plaintiff may file a reply not to exceed five pages by February 20, 2015. The Court hereby advises the parties that it shall not consider any further evidentiary submissions.

The parties are scheduled to appear for a pretrial conference on March 9, 2015, and for trial on March 30, 2015. However, in light of the Court's request for supplemental briefing, and because the Court will be occupied with a lengthy criminal trial and will be unable to start this trial as scheduled, the Court VACATES the pretrial conference, and all filing deadlines associated with that conference, as well as the jury selection and trial dates. The Court shall set new pretrial and trial dates, as appropriate, in the Order resolving the motion for summary judgment. The Court also advises the parties that it reserves the right to send them to a Magistrate Judge for a settlement conference prior to trial.

**IT IS SO ORDERED.**

Dated: January 27, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In her response, Plaintiff should not merely refer the Court to her statement of undisputed facts. Rather, she should explain how the facts in the record demonstrate an alleged violation of the specified provisions of the DDTL.

3