FILED

JUL 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRASOL J. REYES,<br><br>         Plaintiff-Appellant,<br><br>   v.<br><br>CHECKSMART FINANCIAL, LLC; et al.,<br><br>         Defendants-Appellees. | No.   15-16459<br><br>D.C. No. 4:13-cv-05181-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 19, 2017[**]
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and BENCIVENGO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Marisol Reyes appeals from the district court's dismissal of her claim under California's Deferred Deposit Transactions Law ("CDDTL") for lack of statutory standing, and its grant of summary judgment on her meal and rest break and constructive discharge claims. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal and summary judgment de novo, *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017) (summary judgment); *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013) (motion to dismiss), and we affirm.

1. The district court did not err in dismissing Reyes's claim under the CDDTL. Because Reyes did not enter into transactions with the defendants that violated the CDDTL, she did not fall into the zone of interests the CDDTL was intended to protect. As a result, she lacked statutory standing to assert a claim for violation of the CDDTL. *Cf. Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1388-90 (2014).

Further, because Reyes had Article III standing, we may affirm the dismissal of her CDDTL claim and need not remand it to state court. In her complaint, Reyes alleges that she was required to train tellers to offer the "Manager's Special," a transaction that allegedly violated the CDDTL. She alleges that she resigned due to the stress of being complicit in Checksmart's illegal activities. These allegations meet the three requirements for Article III standing. Loss of employment is certainly an

"injury in fact." And, if the allegations in her complaint are taken as true, she resigned because of the stress of participating in Checksmart's illegal conduct, making her injury "fairly traceable" to Checksmart's actions. Finally, her loss of employment was "redressable" with an award of damages.

The dissent contends that Reyes's resignation was not fairly traceable to Checksmart's alleged CDDTL violations. It argues that CDDTL violations can injure only a customer who received a loan, not an employee like Reyes who merely offers the loan. That argument, however, goes to whether Reyes can state a claim under the CDDTL, not to whether she has Article III standing. *Cf. Lexmark Int'l*, 134 S. Ct. at 1390; *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 176–77 (2011).

2. California law requires employers to provide nonexempt employees meal and rest periods. However, it does not require employers to ensure that employees use their meal and rest breaks:

> the employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay. . . .

*Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040-41 (2012). Reyes did not offer any evidence on summary judgment that Checksmart did not provide her

with meal and rest breaks. Accordingly, the district court did not err in granting summary judgment on Reyes's meal and rest break claims.

3. The district court did not err in granting summary judgment on Reyes's claim for constructive discharge in violation of public policy. "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1244 (1994).

There are "'[t]hree areas of inquiry' to test whether a constructive discharge claim can be proved": (1) whether there were intolerable conditions; (2) "whether a reasonable person faced with the allegedly intolerable employer actions or conditions of employment would have no reasonable alternative except to quit"; and (3) whether the employee's resignation was "*employer*-coerced, not caused by the voluntary action of the employee or by conditions or matters beyond the employer's reasonable control." *Casenas v. Fujisawa USA, Inc.*, 58 Cal. App. 4th 101, 113-14 (Cal. Ct. App. 1997) (quoting *Turner*, 7 Cal. 4th at 1245-46, 1248) (emphasis in original) (internal quotation marks and citations omitted). In sum, "to establish a constructive discharge, an employee must plead and prove . . . that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that

a reasonable person in the employee's position would be compelled to resign." *Turner*, 7 Cal. 4th at 1251.

Because Reyes did not offer evidence on summary judgment that her working conditions were intolerable such that any reasonable person faced with such conditions would have no reasonable alternative but to quit, the district court correctly granted summary judgment on this claim.

**AFFIRMED.**